|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEVADA |
| | * * * |
| NIKCI BOYD, | Case No. 2:16-cv-0330-JCM-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| LIL HONE BOYD, | (Mot. Extend Time – Dkt. #4) |
| Defendant. | |

This matter is before the Court on Plaintiff Nikci Boyd's Motion to Extend Time (Dkt. #4), filed in response to the Court's March 1, 2016 Order (Dkt. #2) denying her Application to Proceed *In Forma Pauperis* (Dkt. #1). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

On April 7, 2016, Ms. Boyd filed a Notice of Appeal (Dkt. #3). Thus, the Court must begin by reviewing its jurisdiction over this matter. Any order that resolves "fewer than all claims of all parties" is not a final appealable order. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1089 (9th Cir. 2012). A non-final order is an "interlocutory order," which a party may not immediately appeal to the Ninth Circuit Court of Appeals. *See Nascimento v. Dummer*, 508 F.3d 905, 909–10 (9th Cir. 2007) (citing *David v. The Hooker, Ltd.,* 560 F.2d 412, 415 (9th Cir. 1977)). Appeals of interlocutory orders "do not transfer jurisdiction to the appellate court and thus do not strip the district court of jurisdiction to conduct further proceedings in the case." *Id*. at 910 (citing *Ruby v. Secretary of Navy,* 365 F.2d 385, 388–89 (9th Cir. 1966) (en banc)). In this case, the court docket shows that no final appealable order has been issued. This Court therefore retains jurisdiction over this case.

Ms. Boyd is a detainee in the custody of the Clark County Detention Center and is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See*

1  LSR 2-1. On February 12, 2016, Boyd filed an Application to Proceed *In Forma Pauperis*
2  (Dkt. #1) and Complaint (Dkt. #1-1). The Court issued an Order (Dkt. #2) denying her request
3  to proceed *in forma pauperis* ("IFP") without prejudice because her IFP application was
4  incomplete. The Order instructed Ms. Boyd to "file a new IFP application, accompanied by a
5  *signed and executed* financial certificate, a signed and executed financial affidavit, and a
6  statement of her inmate trust account" no later than March 25, 2016. *Id*. at 2. Ms. Boyd was
7  warned that her failure to comply with the Order by (a) submitting a new IFP application, or (b)
8  paying the filing fee before the March 25, 2016 deadline would result in a recommendation to
9  the district judge that this case be dismissed. *Id*.

10  On April 7, 2016, Ms. Boyd also filed a Motion to Extend Time (Dkt. #4) requesting
11  additional time to file the financial certificate. The Court reminds Ms. Boyd that she must
12  submit a signed and executed financial certificate as well as a new IFP application for
13  incarcerated litigants and a copy of her inmate trust account statement for the last six-months.
14  Accordingly, and for good cause shown,

**IT IS ORDERED:**

1. Plaintiff Nikci Boyd's Motion to Extend Time (Dkt. #4) is GRANTED.
2. Plaintiff shall have until **May 12, 2016**, to file: (1) a new IFP application for incarcerated litigants, (2) a copy of her inmate trust account statement for the last six-months, and (3) a financial certificate signed by an authorized officer of the Clark County Detention Center.
3. Alternatively, Plaintiff shall pay the filing fee of three hundred fifty dollars ($350.00), accompanied by a copy of this Order, on or before **May 12, 2016**.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  4. Plaintiff's failure to comply with this Order by (a) submitting a new IFP application, or (b) paying the filing fee before the **May 12, 2016** deadline will result in a recommendation to the District Judge that this case be dismissed.

Dated this 25th day of April, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE